■ In the Matter of the Claim of PETER ULETAS, Respondent, v. WILLIAM ELLIOTT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the carrier from an award of workmen's compensation benefits. On the first appeal (18 A D 2d 849), the court found substantial evidence to sustain the happening of an accident, but reversed and remitted to permit the board "to pass upon the question whether or not claimant has demonstrated circumstances sufficient to excuse his failure to comply with the notice provisions of the statute". (Workmen's Compensation Law, § 18.) Upon remittal, the board found: "The employer was not prejudiced, as the claimant was treated by a physician on the date of the injury and the employer had knowledge that the claimant required such treatment". The only issue on this appeal is whether the finding of the board is sufficient to justify excusing the claimant's failure to give timely notice. Prejudice, under the statute, ordinarily results from failure of the claimant to receive prompt medical attention to the detriment of the employer and failure to afford the employer opportunity to make a proper investigation. There can be no question on this record as to prompt medical attention because not only did the employee receive it on the day of the accident but the employer advised him to do so. As to proper investigation, the employer testified in regard to the nature of the work and the general duties of the claimant on the day of the happening of the accident as did two other employees and the only issue was credibility which was determined by the board in favor of the claimant. Additionally, reports were made by the claimant's doctor and electrocardiograms were received in evidence taken the day of the accident and three days subsequent thereto, which were available for the appellants' doctors to review and to use in attempting to establish that there was no causal relationship between the accident and the heart injury. There was substantial evidence to justify the finding that the employer was not prejudiced. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.